Filing # 158209667 E-Filed 09/27/2022 01:48:54 PM

          IN THE CIRCUIT COURT, FOURTH
          JUDICIAL CIRCUIT, IN AND FOR
          DUVAL COUNTY, FLORIDA

          CASE NO.:

          DIVISION:

**VANESSA I. GUZMAN ESCALANTE,**

    Plaintiff,

v.

**HOME DEPOT U.S.A., INC.,**
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    The Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, by and through her undersigned counsel, sues Defendant, **HOME DEPOT U.S.A., INC.**, a Foreign Profit Corporation, and alleges:

    1.    This is an action for damages in excess of $30,000, exclusive of attorneys' fees, interest and costs, and plaintiff(s) hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 21, Florida Constitution.

[12096324/1]

2. At all times material hereto, Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, was and is a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant, **HOME DEPOT U.S.A., INC.**, was a Foreign Profit Corporation with its principal address at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

4. At all times material hereto, Defendant, **HOME DEPOT U.S.A., INC.**, was conducting business in Duval County, Florida as The Home Depot at a location of 3790 Third Street, South, Jacksonville Beach, Florida.

5. That the occurrence giving rise to this cause of action occurred on December 18, 2021, at the Home Depot Store at a location of 3790 Third Street, South, Jacksonville Beach, Florida.

6. At all times material hereto, Defendant was in possession of, owned, maintained, managed, and/or controlled the vehicle located at 3790 Third Street, South, Jacksonville Beach, Florida.

7. At all times material hereto, Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, was a patron and business invitee on the Defendant's vehicle located at 3790 Third Street, South, Jacksonville Beach, Florida, and entered the vehicle for the purpose of purchasing merchandise from the Defendant.

8. At all times material hereto, Defendant owed a non-delegable duty to Plaintiff to use reasonable care in maintaining its property in a reasonably safe condition, and to warn the Plaintiff of dangers that were created in the operation of its facility and latent defects that were hidden in the facility.

9. At all times material hereto, Defendant, negligently, carelessly and without due regard or concern for the safety of the Plaintiff, negligently maintained the above-mentioned property so as to create, cause, allow or contribute to or assist in the creation of dangerous and defective conditions on the vehicle i.e., a missing safety locking mechanism on the left side of the bed of the truck resulting in serious bodily injury to the Plaintiff.

10. The dangerous and defective conditions existed in sufficient time for the Defendant to have actual and/or constructive notice of such conditions and to correct same, which Defendant had a duty to do and which the Defendant negligently and carelessly failed and neglected to do. Such negligent acts and or omission of the Defendant include that they:

    a. knew of or should have known that improper maintenance of the vehicle, was a hazard to its customers, such as the Plaintiff;

    b. with the knowledge that improper maintenance of the vehicle was a hazard, negligently failed to properly maintain the vehicle;

    c. with the knowledge that improper maintenance and missing safety locking mechanism on the left side of the bed of the truck was a hazard, negligently failed to properly maintain the vehicle;

    d. negligently failed to correct hazardous and improperly maintained the vehicle that would have been discoverable with reasonable inspection of the vehicle;

    e. negligently failed to inspect the vehicle;

    f. failed to properly hire, supervise, train, and control personnel;

[12096324/1]

      g.     failed to regularly inspect its vehicle;

      h.     failed to have in place policies, training, and procedures for inspection, cleaning and maintenance of the vehicle or in the alternative failed to follow its policies and procedures for inspection, cleaning and maintenance of the vehicle;

      i.     failed to warn the Plaintiff of the dangerous condition which Defendant was aware or should have been aware;

      j.     failed to warn the Plaintiff of the dangerous condition of missing safety locking mechanism on the left side of the bed of the truck due to the improper inspection which Defendant was aware or should have been aware;

      k.     failed to make the vehicle safe from known hazardous conditions on the vehicle that might foreseeably give rise to loss, injury or damage to business invitees lawfully on the premises, such as the Plaintiff.

11. As a direct and proximate result of the defective and dangerous conditions. and the aforesaid negligence of the Defendant, Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, was caused to fall to the ground resulting in bodily injury.

12. As a result, Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are permanent and continuing within a reasonable degree of medical probability and Plaintiff will suffer the losses in the future.

**WHEREFORE**, the Plaintiff, **VANESSA I. GUZMAN ESCALANTE**, demands judgment for compensatory damages against the Defendant, **HOME DEPOT U.S.A., INC.**, or an amount in excess of $30,000.00, together with costs and demands trial by jury of all issues triable as of right by a jury.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to Defendant via private process server.

Dated this 27th day of September 2022.

                                                                **FARAH & FARAH, P.A.**

                                                                */s/ Samuel A. Maroon*
                                                                **SAMUEL A. MAROON, ESQUIRE**
                                                                FL Bar No.: 174220
                                                                10 West Adams Street
                                                                 Jacksonville, FL 32202
                                                                (904) 396-5555 ▪ (904) 358-5308(Fax)
                                                                Primary:  smaroon@farahandfarah.com
                                                                Secondary: afinklea@farahandfarah.com